Alfred J. Lippman v. Commissioner.
Lippman v. Commissioner
Docket No. 2039-63.
United States Tax Court
T.C. Memo 1965-62; 1965 Tax Ct. Memo LEXIS 267; 24 T.C.M. (CCH) 323; T.C.M. (RIA) 65062; March 24, 1965
Harry Friedman, Munsey Bldg., Washington, D.C., for the petitioner. Alan M. Stark, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent originally determined the following deficiencies in the income tax of petitioner and additions to tax under section 6653(a), Internal Revenue Code of 1954: Sec. 6653(a)
Addition
Year
Deficiency
to Tax
1955
$11,329.84
$566.49
1957
10,389.40
519.47
1958
7,780.34
207.37 By amendment to his answer respondent redetermined the deficiencies and additions to tax as follows: Sec. 6653(a)
Addition
Year
Deficiency
to Tax
1955
$10,639.46
$531.97
1957
12,720.78
636.04
1958
8,436.05
240.15
*268 Other issues [1] having been resolved by agreement of the parties, the sole matter remaining in dispute is the fair market value of certain properties contributed by petitioner during the years 1955, 1957, and 1958 to a religious organization and to a municipal subdivision of the State of New Jersey. Findings of Fact Some of the facts have been stipulated by the parties. Their stipulation, together with attached exhibits, is incorporated herein by this reference. Alfred J. Lippman (hereinafter referred to as petitioner) is an individual residing in Shrewsbury, New Jersey. His Federal individual income tax returns for the years 1955, 1957, and 1958 were filed with the district director of internal revenue, Newark, New Jersey. In March of 1943 petitioner acquired a 16-acre tract of land, hereinafter referred to for convenience as the Lippman Tract, in Neptune Township, New Jersey, for a total price of $1,675. On December 27, 1955, he conveyed 4.72 acres and on December 26, 1957, he conveyed 1.95 acres of this *269 tract to the Synagogue House of Miriam, each conveyance being made subject to and delivered upon the express condition that the land be used for cemetery or religious purposes and no other. On December 26, 1957, petitioner conveyed an additional 9.16 acres of the Lippman Tract to the Township of Neptune in exchange for which he received from the Township 2.62 acres of ground adjacent to the property he had previously donated to the Synagogue House of Miriam. On February 2, 1958, petitioner transferred this 2.62 acres, again subject to the cemetery or religious purpose restriction, to the Synagogue. Thus, during the years 1955, 1957, and 1958 petitioner donated a total of 9.29 acres of ground to the Synagogue House of Miriam and a total of 6.54 acres to the Township of Neptune, all of which property was contiguous. The total acreage donated to both organizations possesses about 400 feet of frontage along a paved county road. It extends back from the road some 300 feet at road grade and then drops sharply. To the west of that portion which fronts the road, the property drops down again very sharply from road level to an average depth from grade of 45 feet to 50 feet. Next to this *270 low-lying western portion, the Township of Neptune conducts a sanitary land fill operation as a means of disposing of waste. At the time of the transfers here involved the property was mostly scrubland used only very infrequently by petitioner for the disposal of garbage and trash. While none of the property donated by petitioner to the Synagogue House of Miriam or to the Township of Neptune was suitable for residential purposes (due to its proximity to a sanitary land fill operation and because of the character of the terrain), a part of it did have utility as a cemetery and the low-lying areas were suitable for use as a sanitary land fill. However, during the years 1955 through 1958 there existed in the immediate vicinity of the Lippman Tract a considerable amount of other undeveloped land available and suitable for either of these purposes. The fair market value of the land donated by petitioner to the Synagogue House of Miriam during the years 1955, 1957, and 1958 was $2,000 an acre. The fair market value of the land donated by petitioner to the Township of Neptune in 1957 was $2,000 an acre. Opinion The parties are agreed that both the Synagogue House of Miriam and Neptune *271 Township are qualified organizations within the purview of section 170(c) of the 1954 Code. Their sole dispute, therefore, is as to the fair market value of petitioner's contributions of land to those organizations on the pertinent dates. The question as to fair market value is, of course, one of fact. While we might marshal and discuss at length the substantial evidence presented by both sides, it is our view that such an effort would be without purpose. Extended discussions of factual materials, pro and con, terminating in a conclusion that is based in the last analysis upon a subjective judgment about the weight of the various materials considered, often gives merely the illusion of a process of reasoning, when in fact the result reached is simply the trial court's ultimate finding on the record as a whole. In other words, as the Court of Appeals for the Second Circuit put it in Colonial Fabrics v. Commissioner, 202 F. 2d 105 (C.A. 2, 1953), affirming a Memorandum Opinion of this Court: Finding market value is, after all, something for judgment, experience, and reason on the part of the trier, and does not lend itself to dissection and separate evaluation. Suffice *272 it to say here that we have taken into consideration all the evidence presented, including opinion testimony, comparable sales, and the income producing ability of the property in question and we have concluded and found as a fact that the fair market value of the land donated by petitioner to the Synagogue House of Miriam during the years 1955, 1957, and 1958 was $2,000 an acre and that the fair market value of the land donated in 1957 to the Township of Neptune was $2,000 an acre. To reflect this determination and to provide for the agreement of the parties on other issues, Decision will be entered under Rule 50. Footnotes
1. Imposition of the section 6653(a)↩ penalty is not contested except as to the amount thereof which, in turn, will depend upon our resolution of the principal issue.